PHILLIP A. BAKER, BAR ID #169571
pbaker@bknlawyers.com
CHRISTOPHER K. MOSQUEDA, BAR ID #309622
cmosqueda@bknlawyers.com
BAKER, KEENER & NAHRA, LLP
633 West 5th Street
Suite 4900
Los Angeles, California 90071
Telephone: (213) 241-0900
Facsimile:  (213) 241-0990

Attorneys for Plaintiff,
DAVID KAPLAN, Individually and on
behalf of All Others Similarly Situated

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DAVID KAPLAN, Individually and on behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PORSCHE FINANCIAL SERVICES, a Delaware Corporation;<br>PORSCHE LEASING LTD., a Delaware Corporation; and<br>DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff David Kaplan ("Plaintiff") brings this suit against Porsche Financial Services and Porsche Leasing Ltd. (collectively, the "Porsche Defendants") to recover the damages owed to him and others similarly situated as a result of the Porsche Defendants' systemic over-charging of sales taxes in connection with vehicle leases.

## PARTIES

1.   Plaintiff David Kaplan ("Kaplan") is an individual and a resident of Westlake Village in Ventura County, California, and the lessor of a vehicle from Defendants. Kaplan is a representative plaintiff for the "Nationwide Class" and "California Subclass" defined below.

2. Defendant Porsche Financial Services (the "Porsche Financial") is a Delaware corporation with offices in Atlanta, Georgia and Lisle, Illinois.

3. Defendant Porsche Leasing Ltd. (the "Porsche Leasing") is a Delaware corporation based in Wilmington, Delaware. Defendants Porsche Financial and Porsche Leasing are collectively referred to as the "Porsche Defendants."

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendant issued herein as DOES 1 through 10, inclusive, under the provisions of Central District of California, Local Rule 19-1. Defendant DOES 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiff. Plaintiff will seek leave to amend this Complaint to set forth the true names and capacities of the fictitiously named Defendants, together with appropriate charging allegations, when ascertained.

5. All acts of corporate employees as alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), as the proposed class contains more than 100 members, at least one of whom maintains citizenship in a state diverse from the defendant, and seeks in the aggregate more than $5,000,000, exclusive of costs and interest.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) & (c) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and because Defendants are subject to the Court's personal jurisdiction in this judicial district.

///

///

**NATIONWIDE & CALIFORNIA CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

# FACTUAL ALLEGATIONS

**A.     Plaintiff's Lease with Porsche.**

8. As noted above, Plaintiff Kaplan resides in Ventura County, California.

9. On or about July 16, 2013, Plaintiff entered into a Vehicle Lease Agreement (the "Lease") for a 2014 Porsche Cayenne model vehicle marketed and offered for leasing by the Porsche Defendants.

10. Although the form Lease was written between Plaintiff and his local Porsche dealer, it stated that "this Lease will be assigned to Porsche Leasing Ltd. or an assignee designated by Porsche Leasing Ltd." On information and belief, the form lease was prepared using a form supplied by the Porsche Defendants.

11. In fact, the Lease was so assigned and, accordingly, Plaintiff currently makes payments under the Lease to Porsche Financial Services in Atlanta, GA. The account statements instruct Plaintiff to direct his payments to the Porsche Payment Center at: 75 Remittance Drive, Suite 1738, Chicago, IL 60675-1738.

**B.     The Porsche Defendants Were Required to Assess Plaintiff's County-Specific Taxes.**

12. Pursuant to the terms of Plaintiff's Lease, Plaintiff is required to make a monthly payment based on, *inter alia*, the gross capitalized cost of the vehicle and depreciation and amortization amounts as set forth in the Lease.

13. Additionally, Plaintiff is required to pay, under the rubric of "Taxes, Registration and Titling … all sales, use, personal property and other taxes," calculated on top of the monthly payment under the Lease. Specifically, the Lease provides that Plaintiff is responsible for "all taxes that are charged to Lessor by reason of its interest in the Vehicle except for taxes based on net income." In Ventura County, the California Sales and Use Tax Rate is 7.25%.

///

///

///

**NATIONWIDE & CALIFORNIA CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

14. Importantly, the Lease provides that if Plaintiff relocates to a different state during the Lease term, *Plaintiff* is under obligation to notify the Porsche Defendants immediately of such relocation and "to pay all re-registration and re-titling costs and fees *in that state*," among other things (emphasis added).

15. Despite the clear obligations, the Porsche Defendants did not calculate the sales and use taxes charged to Plaintiff under the lease according to the California Sales and Use Tax Rate applicable in Ventura County (7.25%).

16. Instead, the Porsche Defendants charged Plaintiff a different and elevated rate. By way of example, Plaintiff's monthly payment due on March 27, 2017 was $2,279.07. The proper tax payable on that monthly lease payment under the Lease, at a rate of 7.25%, would be $165.23. However, Plaintiff was charged $199.42 in tax for this month—or 8.75% (equivalent to the higher tax rate charged in Los Angeles County). Further, because the sales tax percentage is not reflected on the monthly lease statement, Plaintiff and those similarly situated have been purposely kept in the dark as to the over-charging and have been unaware of the over-charging.

C. **The Practice of Overcharging Tax by the Porsche Defendants in Their Vehicle Leases is Widespread.**

17. The Porsche Defendants engaged in overcharging taxes against Plaintiff under his Lease with the Porsche Defendants from the outset of the Lease term.

18. Moreover, on information and belief, the Porsche Defendants have routinely assessed an improper tax rate on leases throughout the State of California, which disregards the actual California Sales and Use Tax Rate applicable in each particular county and city, and instead applies a different and usually higher rate.

19. Because the actual California Sales and Use Tax Rate applicable in each location varies by county and sometimes city, the Porsche Defendants obtain an unfair and illegal windfall by virtue of said practice as most counties and cities have lower rates than the standard rate charged of 8.75%.

20. In fact, on information and belief, the Defendants recently acknowledged in internal documents/communications that the manner in which Defendants calculate sales and use taxes in their vehicle leases throughout California is improper and likely has resulted in customers throughout the state being charged millions of dollars in excess taxes for years.

21. On information and belief, the practice of the Porsche Defendants of overcharging taxes by failing to differentiate, in the rates charged to lessees, between the actual rates charged in their specific counties, where counties have varying rates across a particular state, extends to other states and constitutes a nationwide practice. On information and belief, this practice likewise has gone on for years.

22. As such, the Porsche Defendants also obtain an unfair and illegal windfall by virtue of said practice in other states nationwide.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on his own behalf, and as a class action on behalf of the Classes defined herein, pursuant to, and properly maintainable under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3). The Classes consist of thousands of lessees victimized by Defendants' unfair and illegal practices. Specifically, Plaintiff brings this suit on behalf of the following Classes:

> **The "Nationwide Class"**: All persons who are or were lessees of one or more vehicles and/or all persons who entered into a consumer lease agreement with Porsche Financial and/or Porsche Leasing, within the United States. The class excludes counsel representing the class and all persons employed by said counsel and/or who leased a vehicle on behalf of counsel, governmental entities, the Porsche Defendants, any entity in which the Porsche Defendants have a controlling interest, the Porsche Defendants' officers, directors, affiliates, legal

representatives, employees, co-conspirators, successors, subsidiaries, and assigns, any judicial officer presiding over this matter, the members of their immediate families and judicial staff, and any individual whose interests are antagonistic to other class members.

**The "California Subclass"**: All persons who are or were lessees of one or more vehicles and/or all persons who entered into a consumer lease agreement with Porsche Financial and/or Porsche Leasing, within the State of California. The subclass excludes counsel representing the subclass and all persons employed by said counsel and/or who leased a vehicle on behalf of counsel, governmental entities, the Porsche Defendants, any entity in which the Porsche Defendants have a controlling interest, the Porsche Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, any judicial officer presiding over this matter, the members of their immediate families and judicial staff, and any individual whose interests are antagonistic to other class members.

24. The Porsche Defendants subjected Plaintiff and each of the respective Classes to the same wrongdoing and harmed them in the same manner. Now, Plaintiff and each of the respective Classes seek to enforce the same rights and remedies pursuant to the same legal theories: breach of contract, fraud and unfair business practices.

///

///

- 6 -

**NATIONWIDE & CALIFORNIA CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

25. <u>Numerosity</u>:  The proposed classes are so numerous that individual joinder of all their members is impracticable.  While the exact number and identities of the Class Members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.  The disposition of the claims of these Class Members in a single class action will provide substantial benefits to all parties and to the Court.

26. <u>Typicality</u>:  Plaintiff's claims are typical of the claims of his respective Classes in that his claims arise from the same event or practice or course of conduct that gives rise to the claims of other class members, and is based on the same legal theory as their claims.

27. <u>Adequacy of Representation</u>:  Plaintiff will fairly and adequately represent and protect the interests of the Classes.  Undersigned counsel has substantial experience in prosecuting complex lawsuits and class action litigation.  Plaintiff and undersigned counsel are committed to vigorously prosecuting this action on behalf of the Classes, and have the financial resources to do so.  Neither Plaintiff nor his counsel have any interests adverse to the Classes.

28. <u>Superiority of Class Action and Impracticability of Individual Actions</u>: Plaintiff and the members of the Classes suffered harm as a result of the Porsche Defendants' unlawful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Individual joinder of all members of the Classes is impractical.  Even if individual Class Members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by the Porsche Defendants' common course of conduct.  The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all Class Members' claims in a single forum.  The conduct of this action as a class action conserves the resources of the parties and of the

judicial system, and protects the rights of the Class Members. Adjudication of individual Class Members' claims with respect to Defendants would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other Class Members to protect their interests.

29. <u>Common Questions of Law and Fact Predominate</u>: In addition, the requirements of Federal Rule of Civil Procedure 23 are satisfied by questions of law and fact common to the claims of Plaintiff and of each member of the Classes and which predominate over any question of law or fact affecting only individual members of the Classes. Common questions of law and fact include, but are not limited to, the following:

    a. The questions of law and fact common to the Nationwide Class include the following: (i) were members of the Nationwide Class entitled to be charged sales and use taxes according to their home county's specific rates?; (ii) were the members of the Nationwide Class charged a different and/or higher rate?; (iii) did such overcharges constitute a breach of contract under the applicable Lease?; (iv) did defendants' practices constitute fraud?; (v) are members of the Nationwide Class entitled to damages?

    b. The questions of law and fact common to the California Subclass include the following: (i) were members of the California Subclass entitled to be charged sales and use taxes according to their home county's specific rates?; (ii) were the members of the California Subclass charged a different and/or higher rate?; (iii) did such overcharges constitute a breach of contract under the applicable Lease?; (iv) did defendants' practices constitute fraud?; (v) did defendants' practices constitute unfair business practices?; (vi) are members of the California Subclass entitled to damages?

30. <u>Notice</u>: Notice can be provided via internet publication, published notice and/or through the mail and paid for by the Porsche Defendants.

# FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT
### (By all Plaintiffs Against the Porsche Defendants)

31. The allegations of paragraphs 1 through 30 are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the classes of similarly situated lessees.

32. The Porsche Defendants entered into vehicle leases with Plaintiffs, or were assigned or acquired the lessors' interests in such Leases.

33. Accordingly, Plaintiffs entered into a lease agreement with Defendants whereby Plaintiffs were leased automobiles by the Porsche Defendants (the "Leases"). These Leases comprise valid and enforceable contracts entitling all Plaintiffs to be assessed appropriate taxes.

34. Plaintiffs fully and properly performed all conditions, covenants, and acts required to be performed on their part in accordance with the terms and conditions of the Leases.

35. Defendants breached their obligations under the agreement to the "Nationwide Class" and "California Subclass" by calculating the sales and use taxes billed to Plaintiffs by using a higher rate than the rate applicable in the county where each Plaintiff resides.

36. As a direct and proximate result of the Porsche Defendants' breaches, Plaintiffs have sustained damages including, but not limited to the difference between the sales and use tax rates used by the applicable county where each Plaintiff resides and the actual rates applicable in the county where each Plaintiff resides.

///

///

**NATIONWIDE & CALIFORNIA CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

37. Defendants acted in bad faith and acted vexatiously, wantonly, obdurately, and oppressively in connection with the calculation of the tax rates. Because of the Porsche Defendants' nationwide and long standing experience providing financial services to consumers, Defendants knew or should have known that they needed to closely monitor applicable tax rates. In addition, Defendants knowingly and intentionally failed to timely inform class members that tax rates may vary from county to county and that the tax rates used by Defendants in uniform fashion without distinguishing from county to county would lead to overcharging Plaintiffs to their detriment, but to the benefit of the Porsche Defendants.

38. On information and belief, by failing to inform class members of this risk, the Porsche Defendants purposely ensured they received significant profits from the Leases. Had the Porsche Defendants notified class members about the tax overcharges, class members could have mitigated their damages. Instead, Defendants chose to proceed under the façade of normality, bill consumers according to the existing Leases, and reap profits on tax overcharges from their captive audience.

39. All conditions proceeding to Plaintiffs' claims for relief have been performed or have occurred.

40. Plaintiffs seek to recover actual damages outlined below from the Defendants as a direct and proximate result of the unlawful conduct of the Porsche Defendants.

41. Plaintiffs will show that the Porsche Defendants acted in bad faith, vexatiously, wantonly, obdurately, and/or oppressively and will therefore seek to recover attorneys' fees.

## SECOND CLAIM FOR RELIEF
### FRAUD (AFFIRMATIVE MISREPRESENTATIONS)

42. Plaintiffs restate and re-allege paragraphs 1 through 41 as if fully set forth herein.

43. Defendants uniformly represented that Plaintiffs' responsibility for "Taxes, Registration and Titling" would be based on tax rates applicable to the Plaintiffs:

    (a) Plaintiff is responsible for "all taxes that are charged to Lessor by reason of its interest in the Vehicle except for taxes based on net income";

    (b) Because each Plaintiff must pay only such taxes that are charged to Lessor, the tax rate Plaintiff must pay is the rate of the local taxing authority;

    (c) Hence, the contract provides that each Plaintiff will be charged the State Sales and Use Tax Rate applicable in Plaintiff's County or city.

44. Each of Defendants' representations described above were false. Defendants intentionally and/or recklessly misrepresented the material facts set forth above. The true facts include, among other things, that the Sales and Use Tax Rate billed to Plaintiffs:

    (a) Does not reflect such taxes as "are charged to Lessor by reason of its interest in the Vehicle except for taxes based on net income;"

    (b) Because the tax rate does not reflect the taxes that are charged to Lessor, the tax rate Plaintiff must pay is not the rate of the local taxing authority; and/or

    (c) Is not the State Sales and Use Tax Rate applicable in Plaintiff's County or city.

45. Defendants' statements were made with the intent to deceive Plaintiffs and the Class, and to induce Plaintiffs and the Class to enter into the Leases in reliance thereon.

46. Plaintiffs and the Class, at the time these representations were made by Defendants, and at the time Plaintiffs and the Class took the actions herein alleged, were ignorant of the falsity of Defendants' representations and believed them to be true. Plaintiffs and the Class relied on Defendants' representations and had Plaintiffs and the

Class known of the actual facts, Plaintiffs and the Class would not have taken the actions they did, including but not limited to entering into the Leases, remaining in the Leases, and continuing to make monthly payments that included the inflated tax rates. Plaintiffs and the Class' reliance on Defendants' representations was justified.

47. As a direct and proximate result of the above, Plaintiffs and the Class have suffered damages in an amount to be proven at trial.

48. Defendants undertook the aforesaid illegal acts intentionally or with conscious disregard of the rights of Plaintiffs and the Class, and did so with fraud, oppression, and/or malice. This despicable conduct subjected Plaintiffs and the Class to cruel and unjust hardship so as to justify an award of punitive damages in an amount sufficient to deter such wrongful conduct in the future. Therefore, Plaintiffs and the Class are also entitled to punitive damages against Defendants in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### FRAUDULENT CONCEALMENT/NON-DISCLOSURE

49. Plaintiffs restate and re-allege paragraphs 1 through 48 as if fully set forth herein.

50. As alleged above, Defendants made a number of representations concerning the "Taxes, Registration and Titling" applicable to the Plaintiffs under the Leases.

51. Defendants' representations described above were false. However, despite knowing of the falsity of their representations, Defendants concealed, and/or failed to disclose material and contrary facts set forth above, including, among other things, that the Sales and Use Tax Rate billed to Plaintiffs:

///

///

///

(a) Does not reflect such taxes as "are charged to Lessor by reason of its interest in the Vehicle except for taxes based on net income;"

(b) Because the tax rate does not reflect the taxes that are charged to Lessor, the tax rate Plaintiff must pay is not the rate of the local taxing authority; and/or

(c) Is not the State Sales and Use Tax Rate applicable in Plaintiff's County.

52. Defendants had a duty to disclose this information to their customers because: (a) it is material information that causes financial injury to customers and Defendants knew the information was not reasonably discoverable by their customers; (b) Defendants made affirmative representations that were contrary and misleading without the disclosure of this information; and/or (c) Defendants actively concealed this information from its customers, third parties, tax authorities and the public.

53. Defendants concealed and failed to disclose these material facts with the intent to deceive Plaintiffs and the Class, including but not limited to concealing the tax overcharges from the states.

54. Defendants' concealments and non-disclosure of material facts as set forth above were made with the intent to induce Plaintiffs and the Class to enter into the Leases.

55. Plaintiffs and the Class, at the time these failures to disclose and suppressions of facts occurred, and at the time Plaintiffs and the Class entered into the Leases, were ignorant of the existence of the facts that Defendants suppressed and failed to disclose.  If Plaintiffs and the Class had known of Defendants' concealments and failures to disclose material facts, they would not have taken the actions they did, including but not limited to entering into the Leases, remaining in the Leases, and continuing to make monthly payments that included the inflated tax rates.  Plaintiffs and the Class' reliance was justified and reasonable as they had no basis to doubt the

original representations made to them, nor did they have reason to believe they were being misled or material facts were being concealed from them.

56. As a direct and proximate result of the above, Plaintiffs and the Class have suffered damages in an amount to be proven at trial.

57. Defendants undertook the aforesaid illegal acts intentionally or with conscious disregard of the rights of Plaintiffs and the Class, and did so with fraud, oppression, and/or malice. This despicable conduct subjected Plaintiffs and the Class to cruel and unjust hardship so as to justify an award of punitive damages in an amount sufficient to deter such wrongful conduct in the future. Therefore, Plaintiffs and the Class are also entitled to punitive damages against the Porsche Defendants in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 *ET SEQ.*
### (On Behalf of the California Subclass Only)

58. Plaintiffs restate and re-allege paragraphs 1 through 56 as if fully set forth herein.

59. California Business and Professions Code section 17200 et seq., also known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent, or deceptive business act or practice as well as "unfair, deceptive, untrue or misleading advertising."

60. By engaging in the false, deceptive, and misleading conduct alleged above, Defendants have engaged in unlawful business acts and practices in violation of the UCL, including by violating state and federal laws, including but not limited to 21 U.S.C. § 360; and 21 C.F.R. §§ 803.1 et seq., 21 C.F.R. § 878.4040, and Cal. Bus. & Prof. Code §§ 17500 et seq.

61. Defendants' conduct in misleading the California Plaintiffs and the California Subclasses through their affirmative misrepresentations and failures to disclose material facts to the aforementioned plaintiffs and the California Subclasses, as described above, also constitutes a "fraudulent" and "unfair" business practice within the meaning of the UCL.

62. The California Plaintiffs and each California Subclass Member suffered an injury in fact and lost money or property as a result of Defendants' unlawful, unfair, and/or fraudulent business practices.

63. The California Plaintiffs, on behalf of themselves and the California Subclasses, seek restitution and disgorgement of all moneys received by Defendants through the unlawful, fraudulent and unfair conduct described above.

64. The California Plaintiffs, on behalf of themselves and the California Subclasses, seek a temporary, preliminary, and/or permanent injunction from this Court prohibiting Defendants from engaging in the patterns and practices described herein, including but not limited to by calculating the sales and use taxes billed to Plaintiffs by using a higher rate than the rate applicable in the county where each Plaintiff resides.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

65. Plaintiffs seek to recover the following damages and obtain the following relief from Defendants:

### **ON THE FIRST CAUSE OF ACTION FOR FRAUD**
### **(BREACH OF CONTRACT)**

1. An Order certifying that the action be maintained as a class action under Rule 23(b)(2) and/or Rule 23(b)(3) of the Federal Rules of Civil Procedure.
2. Economic loss and damages suffered by Plaintiffs.
3. For attorneys' fees incurred herein, to the extent permitted by law.
4. Court costs.

Case 2:17-cv-03405-AB-PLA   Document 1   Filed 05/05/17   Page 16 of 17   Page ID #:16

5. For pre and post judgment interest and costs of suit incurred herein.
6. For such other relief to which Plaintiffs may show themselves justly entitled.

## ON THE SECOND CAUSE OF ACTION FOR FRAUD
## (AFFIRMATIVE MISREPRESENTATIONS)

1. An Order certifying that the action be maintained as a class action under Rule 23(b)(2) and/or Rule 23(b)(3) of the Federal Rules of Civil Procedure.
2. An injunction precluding the wrongful conduct described herein.
3. For compensatory damages in an amount that exceeds $500 million, with the exact amount to be proven at trial.
4. For punitive damages in an amount sufficient to punish Defendants and to deter them from engaging in wrongful conduct in the future.
5. For pre and post judgment interest and costs of suit incurred herein.
6. For attorneys' fees incurred herein, to the extent permitted by law.
7. For such other and further relief as the Court may deem just and proper.

## ON THE THIRD CAUSE OF ACTION
## FOR FRAUDULENT CONCEALMENT

1. An Order certifying that the action be maintained as a class action under Rule 23(b)(2) and/or Rule 23(b)(3) of the Federal Rules of Civil Procedure.
2. An injunction precluding the wrongful conduct described herein.
3. For compensatory damages in an amount that exceeds $500 million, with the exact amount to be proven at trial.
4. For punitive damages in an amount sufficient to punish Defendants and to deter them from engaging in wrongful conduct in the future.
5. For pre and post judgment interest and costs of suit incurred herein.

///

- 16 -
NATIONWIDE & CALIFORNIA CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

6. For attorneys' fees incurred herein, to the extent permitted by law.

7. For such other and further relief as the Court may deem just and proper.

## ON THE FOURTH CAUSE OF ACTION FOR VIOLATIONS OF THE UNFAIR COMPETITION LAW (CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.*)

1. An Order certifying that the action be maintained as a class action under Rule 23(b)(2) and/or Rule 23(b)(3) of the Federal Rules of Civil Procedure.

2. An injunction precluding the wrongful conduct described herein.

3. For restitution of moneys paid for property in an amount that exceeds $500 million, with the exact amount to be proven at trial.

4. An award of equitable and declaratory relief.

5. For pre and post judgment interest and costs of suit incurred herein.

6. For attorneys' fees incurred herein, to the extent permitted by law.

7. For such other and further relief as the Court may deem just and proper.

DATED: May 5, 2017                    BAKER, KEENER & NAHRA, LLP

By  */s/ PHILLIP A. BAKER*
    PHILLIP A. BAKER
    CHRISTOPHER K. MOSQUEDA
Attorneys for Plaintiff,
DAVID KAPLAN, Individually and on behalf of All Others Similarly Situated

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED: May 5, 2017                    BAKER, KEENER & NAHRA, LLP

By  */s/ PHILLIP A. BAKER*
    PHILLIP A. BAKER
    CHRISTOPHER K. MOSQUEDA
Attorneys for Plaintiff,
DAVID KAPLAN, Individually and on behalf of All Others Similarly Situated

**NATIONWIDE & CALIFORNIA CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**