UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.: CV 17-03405-AB (PLAx) | Date: June 20, 2018 |

Title: *David Kaplan v. Porsche Financial Servs., Inc. et al.*

---

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION

    Upon review of the briefs and evidence related to Porsche Financial Services, Inc. and Porsche Leasing Ltd.'s ("Defendants") motion for summary judgment, the Court has concerns about whether it has subject matter jurisdiction over this case. The Complaint asserts that there is subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (*See* Dkt. No. 1 ("Compl.") ¶ 6.) Pursuant to CAFA, federal district courts have original subject matter jurisdiction over class actions in which a member of the plaintiff class is a citizen of a state different from any defendant and the aggregate matter in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Here, the Court is comfortable that the requisite diversity exists, but is concerned that the amount in controversy requirement is satisfied.

    The Complaint makes the conclusory assertion that the amount in controversy exceeds $5,000,000, exclusive of interest and costs. (Compl. ¶ 6.) The Complaint

contains only one additional paragraph of relevant allegations, which states that Defendants supposed practice of overcharging taxes "likely has resulted in customers throughout the state [of California] being charged millions of dollars in excess taxes for years," and "extends to other states and constitutes a nationwide practice." (Compl. ¶ 20.) The basis for this belief is not specified.

These threadbare allegations of the amount in controversy element, without more, are insufficient to establish the Court's subject matter jurisdiction under CAFA. *Kachi v. Natrol, Inc.*, No. 13cv0412 JM (MDD), 2014 WL 2925057, at *7 (S.D. Cal. June 19, 2014); *Baxter v. Rodale, Inc.*, No. CV 12–00585 GAF (MANx), 2012 WL 1267880, at *2 (C.D. Cal. Apr. 12, 2012) (finding similar cursory allegations insufficient to establish amount in controversy under CAFA). Plaintiff provides no indication of the size of either proposed class, and while it is conceivable that people in other states could have been taxed at an incorrect rate for years, Plaintiff has not alleged nor offered any evidence to support that possibility. Further, in its untimely opposition to Defendants' Motion for Summary Judgment, Plaintiff states that Defendants have overcharged California lessees "almost $66,000 in taxes between October 1, 2013 and September 30, 2017." (Dkt. No. 52 at 3.) This does not square with Plaintiff's assertion that Defendants have likely charged Californians "millions of dollars in excess taxes for years." Accordingly, the Court harbors a serious concern as to whether the requisite amount in controversy exists.

Additionally, Plaintiff defines the putative classes as "[a]ll persons who are or were lessees of one or more vehicles and/or all persons who entered into a consumer lease agreement with Porsche Financial and/or Porsche Leasing, within the United States," and "[a]ll persons who are or were lessees of one or more vehicles and/or all persons who entered into a consumer lease agreement with Porsche Financial and/or Porsche Leasing, within the State of California." (Compl. ¶ 23.) Although the Court has not been asked at this time to certify these classes, it must inquire into the plausibility of Plaintiff's jurisdictional allegations, which are required to be "good faith reliable estimates based on the pleadings and other evidence in the record," *Ellis v. Pacific Bell Tel. Co.*, No. SACV 10–01141–CJC(FFMx), 2011 WL 499390, at *2 (C.D. Cal. Feb. 10, 2011), and not "devoid of concrete evidence," *Campbell v. Vitran Express, Inc.*, No. CV-10-04442-RGK(SHx), 2010 WL 4971944, at *3 (C.D. Cal. Aug. 16, 2010), or based purely on "speculation and conjecture," *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007). Because "[n]o class may be certified that contains members lacking Article III standing," *Mazza v. American Honda Motor Co., Inc.*, 666 F.3d 581, 594 (9th Cir. 2012), the Court entertains serious concerns about the presence of federal jurisdiction over this matter. Plaintiff's class definition potentially sweeps in thousands of individuals who may not have standing to bring the claims asserted.

In light of the foregoing, Plaintiff is hereby **ORDERED TO SHOW CAUSE** in writing, on or before **June 29, 2018** as to why this case should not be dismissed for lack of subject matter jurisdiction. *See generally* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff's response should address:
1. The relevant time period for calculating the amount in controversy;
2. Whether the classes consist of a sufficient number of people with standing to reach CAFA's amount in controversy requirement;
3. Authority for the proposition that all those who have merely leased a vehicle from Defendants, without more, have standing.

In addition, Plaintiff's response should include any other arguments, legal authority and evidence that he believes establishes subject matter jurisdiction in this Court. Failure to timely respond to this Order will result in dismissal for lack of subject matter jurisdiction.

Defendants are permitted, but not obligated, to respond in writing on or before **July 13, 2018**, with authority and evidence that they believe may assist the Court in determining whether subject matter jurisdiction exists.

To accommodate the requested briefing, the hearing on Defendants' Motion for Summary Judgment, (Dkt. No. 51), shall be **continued from July 6, 2018 to August 3, 2018.**

**IT IS SO ORDERED.**